CATHERINE E. AROSTEGUI, SBN 118756
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA 95814-4714
Telephone:    (916) 325-2100
Facsimile:    (916) 325-2120
Email:        carostegui@beesontayer.com

Attorneys for Plaintiff Trustees On Behalf of Supplemental Income 401(k) Plan

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF SUPPLEMENTAL INCOME 401(k) PLAN,<br><br>Plaintiff,<br><br>v.<br><br>EASTOPEN, INC., dba HOTEL WHITCOMB,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

PLAINTIFF ALLEGES AS FOLLOWS:

### JURISDICTION AND VENUE

1. This action arises under the National Labor Relations Act, 29 U.S.C. §185, and under the Employee Retirement Income Security Act, 29 U.S.C. §§1132 and 1145, for the administration of trust fund business. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e). This Court is the proper venue for this action as the Defendant's place of business is in the County of San Francisco. 29 U.S.C. §1132(e)(2).

2. <u>Intradistrict Assignment</u>. The acts and/or omissions alleged herein arose in the County of San Francisco and thus this matter is properly assigned to the San Francisco Division or the Oakland Division of the Northern District Court.

### PARTIES

3. Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan ("Plaintiff" or "Trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. §§1002 and 1132(d). Plaintiff is

a "Trust Fund" originally established by a Trust Agreement. A copy of the Agreement and Declaration of Trust (restated as of August 6, 2009), and all Amendments, are attached as Exhibit "A" and incorporated by reference.

4. Plaintiff is informed and believes, and on that basis alleges, that during all relevant times described in this complaint, Defendant Eastopen, Inc. was a corporation doing business as Hotel Whitcomb in San Francisco, California.

## FACTUAL ALLEGATIONS

5. Defendant is a signatory to a Collective Bargaining Agreement with Teamsters Union Local No. 856, International Brotherhood of Teamsters, which obligates Defendant to make contributions on behalf of its employees to the Supplemental Income 401(k) Plan. A true and correct copy of that Agreement is attached as Exhibit "B" and is incorporated by reference.

6. Defendant is also a signatory to a Subscriber Agreement making Defendant a participant in the Plaintiff Trust Fund and binding Defendant to the terms and conditions of the Trust Agreement referenced herein. A true and correct copy of the Subscriber's Agreement is attached as Exhibit "C" and is incorporated by reference.

7. Article V, Section 5 of the Trust Agreement provides that Employers shall permit an accountant selected by the Board to enter upon the premises of the Employer and examine and copy such records as the Board of Trustees may deem necessary to determine whether the Employer is making full and prompt payment of all sums it is required to pay to the Trust Fund.

8. On or about March 16, 2016, Plaintiff's Trust Fund auditor requested that Defendant contact the Trust Fund auditor's office to schedule an appointment for a payroll audit and provide Plaintiff with certain payroll and other employer documents and records for the period of January 1, 2012 to the present. A true and correct copy of that letter is attached as Exhibit "D" and is incorporated by reference

9. Although subsequent demands have been made, Defendant has failed to comply with Plaintiff's request to provide access to Defendant's books and records for the period of January 1, 2012 to the present.

///

10. Plaintiff engaged the undersigned attorneys to compel the audit of the Defendant's books and records.

11. Defendant is obligated to pay the attorney fees and all court costs incurred to enforce Article V Section 5 of the Trust Agreement.

12. According to the CBA, the Trust Agreement, Subscriber's Agreement and/or 29 U.S.C. § 1132(g), Defendant is obligated to pay any contributions shown to be due upon completion of the audit, as well as liquidated damages, interest, costs, attorney fees and audit fees, if applicable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment ordering the following:

1. That Defendant be required to provide access to the following records, within the next twenty (20) days, for the period January 1, 2012 to the present so that the audit can be completed:

   a. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;
   b. State quarterly payroll tax returns;
   c. W-2's;
   d. Monthly transmittals to the Trusts showing the names reported for benefits for both employer and employee contributions, as applicable;
   e. Supplemental Income 401K enrollment and change forms;
   f. Monthly hours summaries or other document used by you to facilitate accurate reporting;
   g. Detailed documentation of the job classifications of employees NOT reported to the Trusts; and
   h. Monthly transmittals to other Trust Funds.

2. That Defendant be ordered to pay the attorney fees and court costs incurred by Plaintiff to enforce the audit pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2)(D);

3. That Defendant be ordered to pay all contributions shown to be due, if any, upon completion of the audit;

1  4. That Defendant be ordered to pay liquidated damages, interest, and audit fees on the
2  contributions, if unpaid contributions are discovered in the audit, and
3  5. For such other legal or equitable relief as the Court deems appropriate.

4  Dated: February 1, 2017.                           BEESON, TAYER & BODINE, APC

6                                                    By: _____
7                                                        CATHERINE E. AROSTEGUI
                                                         Attorneys for Trustees On Behalf of
8                                                        Supplemental Income 401(k) Plan

COMPLAINT
Case No.

636410 (1346-2604)